BOSTON OLD COLONY INSURANCE COMPANY, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. AGUSTÍN MANGUAL HERNÁNDEZ, JUEZ, demandado; AMÉRICO PÉREZ Y OTRO, interventores.

*Número:* O-75-328      *Resuelto:* 29 de diciembre de 1975

518

*Vicente Santori Coll* y *Jaime Sifre Rodríguez,* abogados de la peticionaria; *Guarionex Rivera,* abogado de los interventores.

El Juez Asociado Señor Dávila emitió la opinión del Tribunal.

Oxford Car Rental, Inc., arrendó un vehículo de motor a Marion E. Lenearts. Una de las condiciones del contrato establecía que el vehículo no sería operado o conducido por ninguna persona que no fuera el arrendatario. No obstante esto, la arrendataria entregó el vehículo al joven David Solano, quien en compañía del codemandado Luis M. Pérez Pérez, hijo del otro demandado Américo Pérez, se trasladaron hasta la Urbanización Muñoz Rivera en Guaynabo, donde reside el joven Solano. Luego de estar en la residencia, Solano requirió

de Luis M. Pérez que le hiciera el favor de ir a comprarle unas bebidas gaseosas, para lo cual le entregó las llaves del vehículo. Salió el joven Pérez en busca de las gaseosas y en el trayecto impactó tres vehículos que se encontraban aparcados en una calle.

Los dueños de los tres vehículos impactados radicaron acción para resarcirse contra Luis M. Pérez Pérez, su padre Américo Pérez y contra la firma arrendadora del vehículo.

Compareció en el pleito la Boston Old Colony Insurance Company, aseguradora que había expedido una póliza a favor de Américo Pérez, mediante un escrito que tituló "Moción Solicitando Sentencia Declaratoria" para que el tribunal de instancia determinara "como cuestión de derecho que no existe cubierta bajo la póliza de seguros del demandante compareciente y por consiguiente dicha compañía de seguros no viene obligada a asumir la defensa de este caso a nombre del codemandado Américo Pérez."

El tribunal consideró el escrito como una solicitud de intervención y lo desestimó por no haberse cumplido con la Regla 21.4 de las de Procedimiento Civil de 1958 que regula las intervenciones. Posteriormente Boston Old Colony Insurance Company radicó moción de intervención. Se le permitió intervenir. A todos los efectos debe considerarse a la Boston Old Colony Insurance Company como tercera demandada y la moción radicada por ésta como una de desestimación, por ésta considerar que la póliza no brinda cubierta en las circunstancias del presente caso.

El Tribunal Superior, Sala de Bayamón, Mangual Hernández, J., determinó que la póliza cubría el accidente. Accedimos a revisar.

La póliza expedida por la Boston Old Colony Insurance Company contiene la siguiente cláusula:

"Personas aseguradas

. . . . . . . .

(b) con respecto a un automóvil no perteneciente al asegu-

rado, (1) la persona asegurada, (2) cualquier familiar pero solo con respecto a un automóvil privado de pasajeros o remolque, proveyéndose que su operación real o (si él no lo está operando) el otro uso real sea con el permiso, o mediante la creencia razonable de que es con el permiso del dueño del vehículo y está dentro del ámbito de tal permiso. . . ."

La posición de la Boston Old Colony Insurance Company es al efecto de que conteniendo el contrato de arrendamiento del vehículo que intervino en el accidente, una disposición que prohibía que el vehículo fuera conducido por cualquier otra persona que no fuera la arrendataria, la posesión que obtuvo el hijo del asegurado Américo Pérez, tenía que considerarse que había sido sin el consentimiento del dueño. No tiene razón la peticionaria.

■ La cláusula envuelta en el caso de autos tiene el propósito de extender la cubierta de la póliza a aquellas ocasiones, no corrientes, en que se utiliza un vehículo que no es el que se describe en la póliza. El asegurado no sólo está protegido cuando utiliza un automóvil con permiso del dueño sino que también lo está cuando tiene la "creencia razonable" de que tiene tal permiso.

■ "Creencia razonable" es un elemento subjetivo. La persona a la cual se le da autorización para usar un vehículo, queda cubierta en virtud de la referida cláusula, si razonablemente entiende que la persona que la autorizó a usar el vehículo tiene la facultad de hacerlo, independientemente de si en realidad estaba autorizada para concederle dicho permiso. *Employers Commercial Union Ins. Co.* v. *Bertrand,* 306 So.2d 426 (La. App. 1975); *Johnson* v. *Aetna Casualty and Surety Co.,* 274 So.2d 769 (La. App. 1973).

Restringiría grandemente la aplicabilidad de la cláusula en cuestión si se exigiera que para estar protegido por ésta, antes de usar un vehículo que no es el descrito en la póliza, tuviera que hacerse una investigación para determinar si la

persona que está en posesión del mismo y la cual cede su uso, tiene autorización para hacerlo.

■ Se ha establecido que en situaciones donde se concede un permiso inicial a una persona para usar un vehículo perteneciente a otra, cualquier uso que ésta haga del auto mientras está en su posesión se estima incluido en el permiso originalmente concedido. Queda cubierto por la póliza cualquier accidente que ocurra en que esté envuelta tanto la persona a la cual el asegurado prestó el vehículo directamente o una tercera que use el auto con la autorización del que lo recibió del asegurado. *Standard Accident Ins. Co.* v. *New Amsterdam Casualty Co.*, 249 F.2d 847, 853 (7th Cir. 1957); *Continental Casualty Co.* v. *Quebedeaux*, 234 F.2d 241, 242 (5th Cir. 1956); *United States Fidelity and Guaranty Co.* v. *Fisher*, 494 P.2d 549, 552 (Nev. 1972); *Costanzo* v. *Pennsylvania Threshermen and Farmers Mutual Casualty Ins. Co.*, 152 A.2d 589, 593 (N.J. 1959); *Stovall* v. *New York Indemnity Co.*, 8 S.W.2d 473, 477 (Tenn. 1928); Appleman, *Insurance Law & Practice*, Sec. 4366; 46 Iowa L. Rev. 84, 119, 123 (1960).

*Por los fundamentos expuestos procede confirmar la resolución recurrida.*

El Juez Asociado Señor Irizarry Yunqué no intervino.