AIDA L. VEGA ARRIAGA, ETC., demandantes, J. C. PENNEY COMPANY, INC., ETC., demandadas, *v*. PEPSI–COLA BOTTLING CO., demandada y recurrente, COOPERATIVA DE TRANSPORTE DE CARGA GENERAL DE LOS VAQUEROS, tercera demandante y recurrente, THE ROYAL INSURANCE CO. OF PUERTO RICO, INC., tercera demandada y recurrida.

*Número:* RE-86-483      *Resuelto:* 7 de abril de 1987

*Luis R. Dávila Colón* y *C. A. Chavier Stevenson,* abogados de las recurrentes; *Amancio Arias Guardiola,* de *Arias Cestero & Arias Guardiola,* abogado de las recurridas.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

A solicitud de la Cooperativa de Transporte de Carga General los Vaqueros (la Cooperativa) y la Pepsi-Cola Bottling Co. (Pepsi-Cola), mediante trámite de mostrar causa revisamos la sentencia del Tribunal Superior, Sala de San Juan, dictada en un pleito de daños y perjuicios. El tribunal a quo se negó a ordenarle a la aseguradora de la Cooperativa que le reembolsara los gastos en que ésta incurrió al defenderse de las reclamaciones instadas en su contra. La contro-

versia gira exclusivamente en torno a cuál es el alcance de la obligación que tiene una aseguradora de asumir la representación legal de su asegurado.

A la luz de un examen de la póliza de seguros y de las alegaciones en la demanda original, confirmamos la sentencia del tribunal de instancia.

## I

La demandante Aida L. Vega Arriaga, *et al.*, presentó acción en daños y perjuicios contra varias codemandadas por la muerte de su esposo, Sr. José Tirado Serrano, en un trágico suceso ocurrido cuando un camión de la Cooperativa, contratado por Pepsi-Cola, derribó unos cables telefónicos de la Autoridad de Comunicaciones. Según los hechos que fundamentan la causa de acción y que fueron probados en el juicio, el señor Tirado Serrano murió al ser impactado por un cable tensor que se desprendió cuando un segundo camión —conducido por un empleado de J. C. Penney— partió el poste que sostenía el cable.

La Pepsi-Cola, una de las codemandadas, instó demanda contra tercero y trajo al pleito a la Cooperativa. Alegó que ésta se obligó contractualmente a obtener una póliza de seguros para proteger a Pepsi-Cola de cualquier reclamación por daños o muerte que surgiera de las operaciones llevadas a cabo bajo el contrato de acarreo que existía entre las partes. La Cooperativa, a su vez, exigió cubierta a The Royal Insurance Co. of Puerto Rico, Inc. (Royal Insurance), y a estos efectos presentó una demanda contra tercero. Alegó que Royal Insurance tenía en vigor al momento del accidente la póliza GA-09765 con todos sus anejos y endosos. Mediante la misma se obligaba a defender e indemnizar a todos los dueños de camiones afiliados a la Cooperativa en caso de demanda por daños y perjuicios ocurridos en la operación de dichos vehículos. Solicitó en síntesis que el tribunal dictara sentencia en

contra de Royal Insurance y le ordenase el reembolso e indemnización de todas las costas y gastos de honorarios de abogado en que la Cooperativa había tenido que incurrir en el caso de epígrafe y en el Caso Civil Núm. 83-0998, pendiente ante la Corte de Distrito Federal de Estados Unidos.

Resuelto el pleito de daños, tanto Pepsi-Cola como la Cooperativa fueron exoneradas de toda responsabilidad en relación con el accidente que provocó la demanda. El tribunal de instancia desestimó las demandas contra terceros sin especial consideración de las mismas. Inconformes recurren ante nos y aducen que, como resultado de la negativa de Royal Insurance de brindarles cubierta, tanto la Cooperativa como Pepsi-Cola han incurrido en gastos de honorarios, costas y deposiciones para su defensa, en una cantidad que sobrepasa los $30,785.95. Mediante una orden de mostrar causa, Royal Insurance compareció y estamos en posición de resolver sin ulteriores procedimientos.

## II

En su contestación, la compañía de seguros expone que tanto las alegaciones como los hechos probados colocan los daños ocurridos fuera de la cubierta de la póliza. Señala que la póliza de seguros expedida a la Cooperativa no incluía a Pepsi-Cola como asegurada adicional y que tampoco cubría la responsabilidad contractual contraída por la empresa de camiones, en virtud de una cláusula de exclusión contenida en dicha póliza. Finalmente, sostiene que el accidente que motivó la demanda de tercero estaba fuera del ámbito de la cubierta del seguro porque el camión envuelto había sido excluido de la póliza a solicitud de la propia Cooperativa un mes antes del accidente. Un examen cuidadoso de todos los documentos sometidos por ambas partes nos convence que tiene razón la compañía de seguros.

## III

■ En nuestra jurisdicción prevalece la norma de que cuando un asegurador ha incumplido su obligación de representar legalmente al asegurado, la concesión de costas y honorarios de abogado en la litigación por el asegurado es remedio adecuado. La procedencia del reembolso depende de si el asegurador ha rehusado cumplir con sus deberes bajo la póliza. *Mun. of San Juan* v. *Great Ame. Ins. Co.*, 117 D.P.R. 632 (1986).

■ De otra parte, nuestra jurisprudencia ha prevenido que "[c]uando las alegaciones del demandante establecen hechos que sitúan el daño dentro de la cubierta de la póliza por 'accidente' o involuntariedad, la aseguradora no puede negar asistencia legal a su asegurado, independientemente de cuál sea la adjudicación final por sentencia del tribunal competente". *Morales Garay* v. *Roldán Coss*, 110 D.P.R. 701, 708 (1981).

■ Aunque el deber del asegurador es "defender" al asegurado de acciones bajo las cubiertas del contrato, y esta obligación es, por los propios términos de la póliza en controversia, coextensiva con la de "indemnizar", [1] su deber se mide "en primer término, por las alegaciones del demandante". *Fernández* v. *Royal Indemnity Co.*, 87 D.P.R. 859, 863 (1963). Las alegaciones tienen que establecer hechos que

---

[1] Véase el lenguaje utilizado en la cubierta D de la póliza en controversia: "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

c. bodily injury or

d. property damage

*to which this insurance applies,* caused by an ocurrence and arising out of the ownership, maintenance or use, including loading and unloading, of any automobile, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent. . . ." (Énfasis suplido.)

coloquen el daño dentro de la cubierta de la póliza. En otras palabras, la obligación de asumir la representación legal surge cuando de una interpretación liberal de las alegaciones existe una posibilidad de que el asegurado esté protegido por la póliza expedida. El deber de proveer representación existe independientemente del resultado del caso y de cuál sea la adjudicación final. 14 *Couch on Insurance 2d* Sec. 51:42, págs. 452–454 (1982); Nota, *The Insurer's Duty to Defend and the Results of its Breach,* 30 S.D.L. Rev. 125 (1984); E. Bader, *California Liability Insurer's Duty to Defend: How Far Does it Extend?,* 52 Ins. Couns. J. 252 (1985); 7C *Appleman, Insurance Law and Practice* Sec. 4682 (1979); Comentario, *The Insurer's Duty to Defend Under a Liability Insurance Policy,* 114 U. Pa. L. Rev. 734 (1966); Nota, *Insurance Company's Dilemma: Defending Actions Against the Assured,* 2 Stan. L. Rev. 383 (1950); L. Roos, *The Obligation to Defend and Some Related Problems,* 13 Hastings L.J. 206 (1961).

Las afirmaciones pertinentes están contenidas en la alegación Núm. 10 de la Demanda en el Caso Civil Núm. 83-3056 del Tribunal Superior, Sala de San Juan.

10. Allá para el 2 de septiembre de 1982 la codemandada American International Insurance Company, tenía expedida y en pleno efecto y vigor una póliza de automóvil cubriendo la responsabilidad pública de su asegurado Pepsi[-]Cola Bottling Company, Inc. cubriendo daños como los aquí reclamados, motivo por el cual, dicha codemandada responde conjuntamente con su asegurado, de los daños antes descritos y reclamados en la presente acción civil.

Los hechos expuestos en esta alegación no vinculan a la Cooperativa con la ocurrencia del accidente. Por el contrario, lo que establecen es que Pepsi-Cola tiene una póliza con una compañía de seguros que responde por cualquier sentencia en contra de su asegurado.

Por otro lado, el pedido formulado por Pepsi-Cola mediante demanda contra tercero para que la Cooperativa asumiera la defensa de la empresa de refrescos estuvo basado en un *contrato* suscrito entre la Cooperativa y Pepsi-Cola. En el acuerdo la Cooperativa se comprometió a obtener un seguro que cubriera a Pepsi-Cola. No lo hizo. Por esta razón, Pepsi-Cola no era una asegurada de Royal Insurance.

La póliza vigente añadió mediante *endoso* especial a numerosas *aseguradas adicionales* para las cuales la Cooperativa transportaba carga en furgones. Cuando la póliza se expidió originalmente, dichas entidades fueron incluidas como aseguradas adicionales a solicitud de la Cooperativa. Es claro que las mismas tenían interés en estar protegidas directamente bajo la póliza del dueño del camión frente a reclamaciones de terceros. Sin embargo, por razones que desconocemos, la Cooperativa no tramitó dicho endoso a favor de Pepsi-Cola. El efecto del mismo hubiera sido el de conferirle un *status* pleno de asegurada.

Por otra parte, la póliza expedida por Royal Insurance claramente estipula en su primera exclusión que aquélla "no aplica a la responsabilidad asumida por el asegurado bajo cualquier contrato o acuerdo". (Traducción nuestra.) (*"This insurance does not apply to liability assumed by the insured under any contract or agreement."*)

Esta cláusula, que no es ambigua, responde plenamente a la naturaleza de las cubiertas denominadas *comprehensive.* El propósito de la exclusión es claro. Se limita el contenido de la cubierta de la póliza al campo de la responsabilidad extracontractual del asegurado y se excluyen aquellas obligaciones asumidas por el asegurado en el ámbito contractual. Véase 12 *Couch on Insurance 2d* Sec. 44A:36, pág. 57 y ss. (1981).

## IV

Con respecto a la demanda de tercero radicada contra la Cooperativa en el tribunal federal por J. C. Penney, Royal

Insurance estuvo justificada en no asumir voluntariamente la defensa de su asegurada. Cuando un asegurador se niega a asumir la representación de su asegurado basado en que la actuación que motiva la demanda no está protegida, y de las alegaciones de la demanda no se desprende otra cosa, la decisión del asegurador no constituye un incumplimiento contractual. La demanda de tercero establece que el accidente que motivó la misma estaba fuera del ámbito de la cubierta. A la fecha de su presentación, Royal Insurance sabía que dicho accidente envolvía un camión expresamente excluido de la cubierta por instrucciones de la asegurada. Véase 14 *Couch on Insurance 2d* Sec. 51:55, pág. 510 (1982).

De los documentos sometidos por la parte recurrida en su comparecencia se desprende que para la fecha del accidente el camión *Kenwork*, del socio Vargas Rosario, estaba desprovisto de protección. El 2 de agosto de 1982, un mes antes del accidente, a petición de la Cooperativa, Royal Insurance eliminó al camión de la lista de vehículos asegurados. No fue hasta el endoso Núm. 24, emitido en enero de 1983, que volvió a incluirse el camión bajo la cubierta del seguro.

La póliza expedida por Royal Insurance cubre los autos de los asegurados según aparecen descritos en el listado (*schedule*) de la póliza y en el endoso A105. La póliza también cubre vehículos alquilados (*hired automobiles*) siempre y cuando se incluya el pago de la prima correspondiente.

Durante la vigencia de la póliza numerosos camiones fueron incluidos y excluidos. Según se desprende de los documentos sometidos, en todas estas ocasiones se emitió el endoso correspondiente. Es obvio que resulta pertinente al riesgo asumido por la aseguradora no tan sólo el número sino la identificación de los camiones. Por ello, es requisito que aparezcan en el listado (*schedule*). Esta es la costumbre en la industria de seguros y así lo pactaron las partes.

Por las razones expuestas anteriormente, Royal Insurance no tenía la obligación de proveer representación legal a la

Cooperativa. No estamos ante una reclamación que estuviese potencialmente cubierta por la póliza. Por lo tanto, *se expedirá el auto y se confirmará la sentencia del tribunal a quo.* ([2])

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión escrita.

---

([2]) En vista de esta conclusión, no es necesario examinar si se cometió el otro error cuestionado por los recurrentes.