LISA PAGÁN CARABALLO ET AL., demandantes, *v.* ROBERTO SILVA DELGADO, DR. HÉCTOR ORTIZ PÉREZ ET AL., demandados y recurrentes; CORP. INSULAR DE SEGUROS, INC., tercera demandada y recurrida.

Número: R-84-482 Resuelto: 30 de junio de 1988

*Carlos N. Souffront, Héctor Santiago Rivera* y *Sandra Santiago Rivera,* abogados del recurrente Héctor E. Ortiz Pérez; *José A. González Villamil,* abogado de la recurrida.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

El presente caso nos permite examinar el alcance del deber de otorgar representación legal que tiene una compañía de seguros para con su asegurado.

I

Los hechos que sirvieron de fundamento a la reclamación del derecho a representación legal por parte del recurrente son los siguientes. Lisa Pagán Caraballo y sus padres, Eduardo Pagán Ventura y Luz H. Caraballo,[1] instaron demanda en daños y perjuicios contra el Dr. Héctor Ortiz Pérez y otros. En la primera causa de acción, en lo pertinente, alegaron que Lisa fue llevada al consultorio del doctor Ortiz Pérez por la codemandada Jenny Rivera, quien "la 'aconsejó', para que mintiera y dijera tener 18 años de edad [y estar] casada. . .". Apéndice 1, pág. 2. También expresaron que Lisa "fue inducida, obligada [y] forzada a someterse al aborto por [los codemandados] Jenny Rivera y Antonio Silva Delgado". Íd. En la segunda causa de acción alegaron que el doctor Ortiz Pérez actuó ilegal y criminalmente al practi-

_____

[1] La demanda fue presentada por los padres de ésta por sí y en representación de su hija menor de edad y de la Sociedad de Bienes Gananciales compuesta por ambos.

carle un aborto a Lisa, una menor de catorce (14) años, sin su consentimiento ni el de sus padres. Reclamaron $250,000 por los sufrimientos, angustias mentales y daños físicos causados por las actuaciones del codemandado doctor Ortiz Pérez.

El doctor Ortiz Pérez solicitó de la Corporación Insular de Seguros, Inc. (en adelante Insular), que asumiera su representación legal a tenor con el contrato de seguro suscrito entre ambos. Ésta le negó representación legal bajo el fundamento de que los hechos alegados en la demanda no estaban cubiertos por la póliza, ya que no se reclamaron daños por impericia médica, sino por la comisión del delito de aborto. Era su contención que, a tenor con los términos de la póliza de seguro y el inciso (1) del Art. 11.020 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 1102(1),[2] no procedía brindarle cubierta o representación legal. No entrevistó al doctor Ortiz Pérez ni investigó los hechos. En vista de lo anterior, el doctor Ortiz Pérez contrató abogados particulares y contestó la demanda. Incluyó con la contestación una demanda de tercero contra Insular por incumplimiento de contrato.

Cerca de dos (2) años más tarde la demandante enmendó la demanda para alegar específicamente que el aborto se practicó negligentemente por el médico codemandado. A raíz de esta enmienda, la compañía aseguradora informó al doc-

---

[2] Este artículo, en su parte pertinente, dispone:

"Sec. 1102. *Objetos asegurables*

"Sujeto a las disposiciones de este título, un contrato de seguro podrá hacerse con respecto a cualquier objeto y los riesgos en el mismo expresados, en cuanto a los cuales existe posibilidad de damnificación e interés asegurable, excepto que:

"(1) No se asegurará a ninguna persona contra las consecuencias penales de un delito; pero esta disposición no se entenderá como que prohíbe hacer contratos proveyendo para fianzas y gastos de defensa por delitos resultantes de accidentes de tránsito por tierra, mar o aire." 26 L.P.R.A. sec. 1102.

tor Ortiz Pérez que asumiría su representación legal y procedió a contestar la demanda enmendada adoptando las contestaciones que el doctor Ortiz Pérez había hecho a la misma. Posteriormente, la parte demandante presentó una moción de desistimiento con perjuicio. El doctor Ortiz Pérez accedió al desistimiento. La acción contra la aseguradora por 'los gastos de abogado incurridos para defenderse continuó. Luego de celebrada vista en su fondo, el tribunal de instancia dictó sentencia en la cual determinó que la aseguradora no venía obligada a darle representación legal al codemandado doctor Ortiz Pérez. Se fundó en que en la demanda original se alegó que éste causó daños como consecuencia de haber cometido un aborto criminal e ilegal, y la póliza sólo cubría reclamaciones por responsabilidad profesional. Desestimó la demanda e impuso el pago de $500 en honorarios de abogado.

Es de esta sentencia que recurre el codemandado doctor Ortiz Pérez alegando la comisión de tres (3) errores que van dirigidos a cuestionar la determinación de que la aseguradora no tenía que asumir su representación desde la presentación de la demanda original y que no procedía imponerle los honorarios. Expedimos el auto y procedemos a resolver.(3)

---

(3) La recurrida plantea que, a tenor con lo dispuesto en las Reglas 53.1 y 67.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y la Regla 17(h) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A, carecemos de jurisdicción. Se fundamenta su alegación en que la recurrente no cumplió con el requisito de notificarle a todas las partes en el pleito la solicitud de revisión dentro de los treinta (30) días siguientes al archivo en autos de la copia de la notificación de la sentencia dictada por el Tribunal Superior. Sólo notificó a la recurrida Corporación Insular de Seguros, Inc. No le asiste la razón.

Los demandantes desistieron con perjuicio de la demanda original. Sólo quedaba en el pleito una reclamación, la contenida en la demanda contra tercero; un demandante, el Dr. Héctor Ortiz Pérez, y un demandado, Insular. La parte recurrente notificó correctamente.

## II

La cláusula pertinente de la póliza de seguro lee como sigue:

The Company will pay on behalf of the insured *with respect only to his professional liability involving his practice* within the Commonwealth of Puerto Rico, all sums which the insured shall be legally obligated to pay as damages because of: *injury arising out of the rendering of or failure to render, during the policy period, professional services in the practice of the profession* described in the declarations by any person for whose acts or omissions the partnership insured is legally responsible, and the Company shall have the right and duty to defend any suit against the insured seeking such damages, even if any of the allegations of the suit are groundless, false or fraudulent . . . . (Énfasis suplido.) Alegato de la recurrida, pág. 5.

El derecho que tiene un asegurado de recibir representación legal de su compañía aseguradora es contractual que surge de la póliza. El propósito de la póliza es brindarle protección al asegurado, por lo tanto el deber de defender a un asegurado de pleitos en su contra es parte esencial de la cubierta que se contrata con una compañía aseguradora. *Barreras v. Santana,* 87 D.P.R. 227 (1963); 7C *Appleman, Insurance Law and Practice (Berdal ed.)* Sec. 4684.01 (1979); *International Paper Co. v. Continental Casualty Co.,* 320 N.E.2d 618 (1974).

En relación con la interpretación de contratos de seguro hemos resuelto que éstos "deben ser generalmente entendidos en su más corriente y usual significado, sin atender demasiado al rigor gramatical, sino al uso general y popular de las voces. El asegurado que adquiere una póliza tiene derecho a confiar en la cubierta que se le ofrece leyendo sus cláusulas a la luz del sentido popular de sus palabras". *Morales Garay v. Roldán Coss,* 110 D.P.R. 701, 706 (1981). Además, las cláusulas de exclusión no son favore-

cidas; han de interpretarse restrictivamente y de forma tal que se realice el propósito de la póliza de proveer protección al asegurado. Cualquier ambigüedad se resolverá a favor del asegurado. *The London Assurance v. Tribunal Superior*, 95 D.P.R. 305 (1967); *Barreras v. Santana*, supra; 14 *Couch on Insurance 2d (Rev ed.)* Sec. 51:49 (1982); *Appleman*, supra, Sec. 4683.

■ Ahora bien, en cuanto a la obligación de un asegurador de brindar cubierta y de asumir la representación legal del asegurado hemos resuelto que si éste incumple procede la imposición al primero de las costas del litigio y de los honorarios. Sin embargo, la concesión del remedio depende de la existencia del deber de asumir representación legal en favor de un asegurado y el incumplimiento del contrato resultante de la violación de ese deber. *Mun. of San Juan v. Great Ame. Ins. Co.*, 117 D.P.R. 632 (1986); *Vega v. Pepsi-Cola Bot. Co.*, 118 D.P.R. 661 (1987); *Couch*, supra, Sec. 51:54, pág. 509; *Appleman*, supra, Sec. 4691, pág. 238.

■ El deber de defender al asegurado de aquellas acciones que caigan bajo la cubierta de la póliza debe medirse, en primera instancia, por las alegaciones de la demanda presentada en el caso en específico. El tribunal debe examinar la totalidad de las alegaciones hechas por el demandante y, a base de una interpretación conjunta de las mismas, determinar si existe la posibilidad de que la persona asegurada esté protegida por la póliza expedida a su favor. *Fernández v. Royal Indemnity Co.*, 87 D.P.R. 859 (1963); *Morales Garay v. Roldán Coss*, supra; *Vega v. Pepsi-Cola Bot. Co.*, supra; *Appleman*, supra; *Couch*, supra; *U.S. Fidelity and Guaranty Co. v. Louis A. Roser Co. Ins.*, 585 F.2d 932 (1978); *Travelers Indem. Co. v. Obenshain*, 245 S.E.2d 247 (1978); *Truchinski v. Cashman*, 257 N.W.2d 286 (1977). Al hacer esta determinación debe tenerse presente que el deber de

defender es de carácter más amplio que el deber de indemnizar; el primero existe independientemente del resultado del pleito y de la adjudicación de responsabilidad que finalmente haga el tribunal. *Appleman*, supra, Sec. 4683.01; *Couch*, supra, Sec. 51:42; Comentario, *The Insurer's Duty to Defend under a Liability Insurance Policy*, 114 U. Pa. L. Rev. 734 (1966).

 Si la demanda contiene alegaciones que están cubiertas por la póliza, así como otras que no lo están o podrían no estarlo, la compañía de seguros tiene el deber de asumir la defensa del asegurado aun sobre aquellas reclamaciones que no estén cubiertas por la póliza. El hecho de que la demanda contenga alegaciones ambiguas o incompatibles no releva a la compañía de su deber de defender, ya que "[e]l deber de los aseguradores de defender contra una reclamación que cae bajo la cubierta de la póliza no cesa por el hecho de que las alegaciones del demandante no sean perfectas[. E]sto es, la obligación del asegurador no consiste en simplemente defender en aquellos casos en que se hagan declaraciones perfectas, cubre también aquellos casos en que se pueda razonablemente inferir de las alegaciones la responsabilidad del asegurado y ni la ambigüedad, inconsistencia o duplicidad en la demanda o declaración de los demandantes puede justificar el que el asegurador no cumpla con su obligación de defender". (Traducción nuestra.) *Couch*, supra, Sec. 51:49, págs. 489–492. Cualquier duda sobre si existe el deber de defender tiene que resolverse a favor del asegurado. *Barreras v. Santana*, supra; *The London Assurance v. Tribunal Superior*, supra; *Couch*, supra; *Appleman*, supra, Sec. 4683; *Ladner &. Co., Inc. v. Southern Guaranty Ins.*, 347 So. 2d 100 (1977).

En el caso de autos, al tomar en consideración todas las alegaciones de la demanda original e interpretar la póliza de seguro liberalmente a favor del asegurado, concluimos que la

reclamación allí esbozada estaba cubierta por la póliza. Aunque la parte demandante alegó que el codemandado doctor Ortiz Pérez había realizado un aborto criminal, también expresó que la codemandante Lisa había mentido sobre su edad y estado civil, y que fue inducida o forzada a someterse al aborto por otros codemandados. Ciertamente, en lo que respecta a las alegaciones que pretenden imputarle responsabilidad al codemandado doctor Ortiz Pérez, éstas son ambiguas y distan mucho de ser perfectas; sin embargo, de ellas se puede razonablemente inferir que al doctor Ortiz Pérez se le imputa responsabilidad en relación con su práctica profesional y que el daño reclamado surge del servicio profesional rendido. Esta reclamación está cubierta por la póliza.

Cabe señalar también que, en relación con la defensa establecida en el Art. 11.020(1) del Código de Seguros de Puerto Rico, *supra*, ésta no puede esgrimirse, pues de acuerdo con los hechos alegados en la demanda el daño reclamado no sobrevino como consecuencia penal de un delito y el codemandado no intentó delito alguno contra la codemandada Lisa. *Morales Garay v. Roldán Coss*, supra, pág. 709.

Por todo lo anteriormente expuesto, resolvemos que Insular incumplió con su obligación de representar al recurrente doctor Ortiz Pérez. Insular tiene que reembolsarle las sumas pagadas por él en concepto de honorarios de abogado para defenderse del pleito en cuestión más las costas del litigio. *Mun. of San Juan v. Great Ame. Ins. Co.*, supra; *Vega v. Pepsi-Cola Bot. Co.*, supra.

*Se dictará sentencia que revoque la aquí recurrida.*

El Juez Asociado Señor Negrón García disiente con opinión escrita, a la cual se unen los Jueces Asociados Señores Rebollo López y Ortiz.

—o—

Opinión disidente del Juez Asociado Señor Negrón García, a la cual se unen los Jueces Asociados Señores Rebollo López y Ortiz.

No podemos rubricar la opinión del Tribunal. Bajo un enfoque liberal, y apreciadas de la manera más dilatada posible, las alegaciones en la demanda *original* contra el Dr. Héctor Ortiz Pérez no configuraron un reclamo por impericia o negligencia médica, sino sólo la realización de un aborto criminal e ilegal. Sobre este extremo no hay ambigüedad ni inconsistencias.

Frente a esta realidad, no debemos imponer responsabilidad a la Corporación Insular de Seguros, Inc. por los gastos en honorarios incurridos por el doctor Ortiz Pérez *antes* de ser enmendada la demanda. La póliza por impericia médica no cubría ese riesgo. No podía hacerlo por contravenir el Art. 11.020 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 1102, que "prohíbe el seguro 'contra las consecuencias penales de un delito'". *Morales Garay v. Roldán Coss*, 110 D.P.R. 701, 709 (1981).

Tampoco puede sostener dicha responsabilidad bajo la tesis de que la aseguradora debió investigar. Su deber se evalúa de la faz de las alegaciones de la demanda. Cuando de las mismas surge únicamente un acto intencional delictivo, la aseguradora no viene obligada a investigar la veracidad o falsedad de las mismas. 7C *Appleman, Insurance Law & Practice (Berdal ed.)* Sec. 4683, pág. 51 (1979). Tampoco a proveer ni costear representación legal.