*1135 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos, Olga Iris Medina Vélez, mediante recurso de apelación, solicitando la revisión de una Sentencia Parcial emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante dicho dictamen, el tribunal a quo desestimó lá causa de epígrafe en contra de los co-demandados El Mesón y Algo Más Corp., Javier Muñoz Busquets, e Integrand Assurance Co.
Por las razones que esbozamos a continuación, se modifica la Sentencia apelada.
I
Conforme surge del recurso ante nuestra consideración, el 30 de mayo de 1997, Olga Iris Medina Vélez, en adelante, la apelante, interpuso demanda sobre daños y perjuicios contra Jaime Sureda Plaza y Javier Muñoz *1136 Busquets h/n/c El Mesón y Algo Más, John Doe Corporation y Compañías Aseguradoras A, B y C. Génesis de la acción interpuesta lo fue un incidente ocurrido en el negocio El Mesón y Algo Más, localizado en el By-Pass de Ponce, donde la apelante resultó herida de bala.
De las alegaciones surge que el 30 de marzo de 1997, la apelante se encontraba en el negocio cuando ocurrió una balacera, la cual le ocasionó la muerte a un joven de 20 años de edad y dejó heridos a otro joven y a la apelante. Se planteó que la balacera ocasionó un tumulto que motivó que la apelante intentara correr al cuarto de baño siendo alcanzada por un disparo en su pierna derecha. Como consecuencia, fue trasladada al Hospital Santo Asilo de Damas y posteriormente visitó varios cirujanos tratando de localizar la bala alojada en su pierna. Al momento de incoar la demanda de autos se encontraba en tratamiento.
Asimismo, alegó que con motivo del incidente había tenido que buscar ayuda siquiátrica estando bajo tratamiento. En su consecuencia, solicitó daños ascendentes a $130,000.
Trabada la controversia, y luego de varios trámites procesales, que incluyeron varias demandas enmendadas, Integrand Assurance Co., en adelante, Integrand, presentó una “Moción de Sentencia Sumaria”. Argumentó en dicho escrito lo siguiente:

“Que no existe controversia alguna entre Integrand y El Mesón y Algo Más Corp. en cuanto al hecho de que los últimos no han cumplido con sus obligaciones y deberes según el contrato de seguro entre las partes.

Que no habiendo estado el local comercial localizado en el By Pass de Ponce incluido en la póliza de Integrand para el 30 de marzo de 1997, no existe cubierta alguna por la cual deba Integrand responder; en adición, por no haber cumplido el asegurado con sus deberes para con Integrand Co., no existe contrato de seguro alguno que cubra esta reclamación. ”

Intergrand acompañó el escrito mencionado con copia certificada de la única póliza de responsabilidad pública expedida por la aseguradora. La apelante presentó oposición a la solicitud presentada.
Así las cosas, el co-demandado Javier Muñoz Busquets y El Mesón y Algo Más, Corp. presentaron, asimismo, una “Solicitud de Desestimación”. Argüyeron en el escrito que la corporación El Mesón y Algo Más, a la fecha de los hechos, no era dueña ni operaba el negocio donde ocurrieron los hechos. Acompañaron el mismo con una declaración jurada de Javier Muñoz Busquets.
El 14 de noviembre de 2002, notificada el 19 de diciembre de 2002, el tribunal a quo emitió la Sentencia Parcial apelada. Mediante la misma, desestimó la reclamación incoada en contra de Integrand, Javier Muñoz Busquets y El Mesón y Algo Más, Corp.
Inconforme con dicho dictamen, la apelante acude a este Tribunal. El 6 de enero de 2003, acogimos el recurso como una apelación y solicitamos su alegato a los apelados. Contando con el beneficio de ese escrito, procedemos a resolver.
II
En su recurso, la apelante plantea que incidió el Tribunal de Primera Instancia al dictar sentencia desestimando la totalidad de la reclamación incoada en el caso de autos en contra de Integrand, El Mesón y Algo Más, representada por Javier Muñoz Busquets.
III
La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36.2, le permite a una parte presentar una moción basada o no en declaraciones juradas, para que se dicte sentencia sumaria a su favor sobre la *1137 totalidad o cualquier parte de una reclamación. P.A.C. v. E.L.A., 150 D.P.R. _ (2000), 2000 J.T.S. 33; Piñero v. A.A.A., 146 D.P.R. 890 (1998); Soc. de Gananciales v. Vélez & Asoc., 145 D.P.R. 508 (1998); Soto v. Caribe Hilton, 137 D.P.R. 294, 300 (1994).
La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. El, R. 36.3, autoriza al tribunal a dictar sentencia sumaria cuando “no existe controversia real sustancial en cuanto a ningún hecho material y... como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente”. Véase, además, P.A.C. v. E.L.A., supra; Soto v. Rivera, 144 D.P.R. 500 (1997); Rodríguez v. Srio. de Hacienda, 135 D.P.R. 219, 222 (1994); Tello, Rivera v. Eastern Airlines, 119 D.P.R. 83, 86 (1987); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986).
El mecanismo procesal de sentencia sumaria debe utilizarse cuando el “promovente ha establecido su derecho con claridad y ha quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no han sido refutadas. ” García Rivera et al v. Enríquez, 153 D.P.R. _ (2001), 2001 J.T.S. 15.
La determinación de disponer de un pleito mediante este mecanismo es una que está confiada a la discreción del foro de primera instancia. PFZ Pros., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 914 (1994). La parte que solicita la sentencia sumaria tiene que demostrar que no hay controversia real sustancial en cuanto a ningún hecho material y que procede se dicte sentencia a su favor como cuestión de ley. La parte opositora se ve entonces en posición de poner en controversia los hechos presentados por el promovente. Soto v. Rivera, supra, a las págs. 398-369; Pilot Life Ins. Co. v. Crespo Martínez, supra, a la pág. 632.
Al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción de oposición y aquéllos que obren en el expediente del tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. El tribunal no deberá dictar sentencia sumaria cuando: (1) existan hechos materiales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material, o (4) como cuestión de derecho no procede. Id., a las págs. 913-914.
En lo que a controversias sobre cubierta de seguros se refiere, el Tribunal Supremo ha reconocido la utilidad del recurso de sentencia sumaria para interpretar pólizas, sobre todo cuando el lenguaje de la cláusula relevante es claro y sin ambigüedad. Véase, Torres v. E.L.A., 130 D.P.R. 640 (1992); González Burgos v. Coop. de Seguros de Vida, 117 D.P.R. 659 (1986). Sin embargo, la doctrina reconoce que cuando el lenguaje no es claro, la sentencia sumaria no es el mecanismo adecuado. 18A Couch on Insurance 2d §77.12 (1983). {“ambiguities as to the coverage of a policy should not be resolved against the plaintiff on a motion for summary judgment”).
IV
El Art. 1.020 del Código Seguros de Puerto Rico, 26 L.P.R.A sec. 102, define el contrato de seguro como aquél “mediante el cual una persona se obliga a indemnizar a otra o a pagarle o proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo. ” Cruz, Rolando, Derecho de Seguros 1, Ira ed., Publicaciones JTS, 1999. Por tanto, protege al asegurado contra la responsabilidad civil de éste por los daños o lesiones causadas a terceras personas. Díaz Ayala, et al v. E.L.A., 153 D.P.R. _ (2001), 2001 J.T.S. 49.
A su vez, el Art. 11.259 del Código de Seguros de Puerto Rico, 26 L.P.R.A. see. 1125, establece que los contratos de seguros deben interpretarse de forma integral, a base de la totalidad de sus términos y condiciones. *1138 Es norma reiterada en esta jurisdicción que todo contrato de seguros, al igual que cualquier otro contrato, constituye la ley entre las partes, siempre y cuando concurran las tres condiciones indispensables para su validez, es decir, consentimiento de los contratantes, objeto cierto, y causa de la obligación que se genera. Arts. 1230 y 1213 del Código Civil de Puerto Rico, 31 L.P.R.A. secs. 3451, 3391. Véase Gen. Accid. Ins. Co. P.R. v. Ramos, 148 D.P.R. _ (1999), 99 J.T.S. 94; García Curbelo v. A.F.F., 127 D.P.R. 747 (1991).
De otra parte, en Roldán v. Serra, 105 D.P.R. 507, 511 (1976), el Tribunal Supremo de Puerto Rico estableció que cuando un peijudicado demanda directamente a la compañía aseguradora, y ésta a su vez, luego de realizar la correspondiente investigación, queda convencida de que la pérdida fue causada por la negligencia de su asegurado, y que según su estimación de los daños entiende que el valor excede los límites de la póliza, tiene el deber de hacerle una oferta de sentencia bona fide al perjudicado y de consignar la suma o cantidad que tenga la obligación de pagar, para que el Tribunal lo libere de los efectos de la temeridad.
De otra parte, sabido es que el propósito de las pólizas de seguro es brindar protección al asegurado, por lo que el deber de defender a un asegurado de pleitos en su contra es parte esencial del contrato de seguros y de la cubierta pactada. Pagán Caraballo v. Silva, Ortiz, 122 D.P.R. 105 (1988). Es decir, entre las obligaciones accesorias impuestas a una aseguradora, como resultado del otorgamiento de un contrato de seguro, se encuentra el deber de proveer representación legal al asegurado en litigios cubiertos por los términos del contrato de seguro. Por tal razón, es práctica usual que los contratos de seguros incluyan cláusulas para establecer la obligación de la compañía aseguradora de proveer representación legal al asegurado ante los reclamos de terceros por daños físicos o a la propiedad, producto de siniestros cubiertos por la póliza. PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881 (1994); Pagán Caraballo v. Silva, Ortiz, supra.
Son dos los propósitos de las cláusulas que establecen dicho deber: (1) obligar al asegurador a asumir la defensa del asegurado ante una reclamación por daños; y (2) ofrecerle derechos respecto a los pormenores de dicha defensa. PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra; Véase R.E. Keeton & A.I. Widiss, Insurance Law 989 (West 1988).
Las compañías aseguradoras requieren, pues, que el asegurado le informe prontamente sobre aquellos sucesos que puedan levantar reclamos por los daños cubiertos por la póliza de seguros. PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra. Una vez la compañía aseguradora ha recibido dicha notificación, está en posición de tomar la acción pertinente para iniciar una investigación; realizar negociaciones dirigidas a una posible transacción, o iniciar las gestiones necesarias para preparar la defensa del asegurado. Id.
El deber contractual de un asegurador para asumir la defensa legal del asegurado está atado al grado de probabilidad que una persona prudente y razonable entienda que se enfrenta a una posible reclamación de daños producto de un determinado evento asegurado. La determinación sobre si un pleito efectivamente cae bajo los términos de una póliza de seguros, se rige, en primera instancia, por las alegaciones de la demanda. Véase, Vega v. Pepsi-Cola Bot. Co., 118 D.P.R. 661, 665-66 (1987); Morales Garay v. Roldán Coss, supra; Fernández v. Royal Indeminity Co., 87 D.P.R. 859, 863 (1963); véase además, Boston Old Col. Ins. v. Tribunal Superior, 104 D.P.R. 517 (1975). Existe la obligación de proveer representación legal por parte de una aseguradora cuando de una interpretación liberal de las alegaciones surge la posibilidad de que el asegurado esté protegido por la póliza. De ser así, la compañía de seguros tiene la obligación de asumir su representación, aunque la acción sea infundada, falsa o fraudulenta, e independientemente de cuál sea el resultado del caso y de su adjudicación final. Cualquier duda se ha de resolver en favor de proveer dicha representación. PFZ Props. Inc. v. Gen. Acc. Ins. Co., supra; Véase Allan D. Wint, Insurance Claims and Disputes § 4.02, a las págs. 132-33 (2da ed., 1988).
Por tal motivo, se ha dicho que la obligación de ofrecer representación legal al asegurado es aún más extensa que la obligación de indemnizar por daños, en la medida en que éstos están cubiertos por la póliza de seguros. PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra; Pagán Caraballo v. Silva, Ortiz, supra; Vega v. Pepsi *1139 Cola Bot. Co., supra. En algunos casos, el deber de la compañía aseguradora de proveer representación legal existe aun cuando al final del litigio la aseguradora no quede obligada a indemnizar o responder por los daños causados por el asegurado a un tercero. Pagán Caraballo v. Silva, Ortiz, supra; Vega v. Pepsi Cola, supra, a las págs. 665-67. Procede la imposición de pago de costas y honorarios cuando la compañía aseguradora infringe el deber contractual de ofrecer representación legal. Pagán Caraballo v. Silva, supra, a la pág. 113; Vega v. Pepsi-Cola Bot. Co., supra; Mun. of San Juan v. Great American Ins. Co., 117 D.P.R. 632 (1986).
No obstante, si las alegaciones claramente excluyen de la cubierta de la póliza los daños reclamados, no podrá imponerse a la aseguradora el deber de defender, pues en tal caso no existe cubierta alguna de seguro. Vega v. Pepsi Cola Bot. Co., supra; Fernández v. Royal Indemnity Co., supra.
y
Dentro del marco jurídico antes enunciado, procedamos a resolver la controversia de autos.
En su escrito, la apelante comienza señalando que en la contestación al primer pliego de interrogatorios, el co-demandado Javier Muñoz Busquéis indicó que su negocio lo era el Restaurant El Mesón y Algo Más y su compañía aseguradora era Integrand. Argumenta que los co-demandados El Mesón y Algo Más, Javier Sureda Plaza y Javier Muñoz Busquet, son clientes y asegurados de Integrand desde el 21 de febrero de 1996. La fecha de vigencia de la póliza de seguros estuvo vigente hasta el 21 de febrero de 1999, fecha posterior al evento que dio génesis a la causa de acción de título.
Arguye, en esencia, citando jurisprudencia del Tribunal Supremo, que toda vez que el propósito de una póliza de seguros es brindar protección al asegurado y representarlo legalmente, es obligación de Integrand asumir la defensa del asegurado en este caso ante una reclamación de daños. Descansando en lo anterior, plantea que desde el 12 de enero de 1999, Integrand conocía de la reclamación, por lo que es su deber brindar representación legal a la apelada.
Surge de las determinaciones de hecho del tribunal a quo:
[[Image here]]

4. Integrand Assurance Co. es una compañía de seguros haciendo negocios en Puerto Rico y para el 21 de febrero de 1996 expidió a favor de El Mesón y Algo Más Corp. la póliza número 04-CPP-7008012-6 con una cubierta de responsabilidad pública comercial.

5. Según surge del contrato de seguros entre la Corporación El Mesón y Algo Más e Integrand Assurance Co., dicha póliza tenía cubierta para el negocio que tenía dicha corporación en el número 300 de la Avenida Roosevelt de Hato Rey, Puerto Rico, exclusivamente.

6. Efectivo el 5 de junio de 1997, se hizo extensiva la cubierta de dicha póliza de responsabilidad pública a cualquier interés asegurable que pudiera tener la Corporación asegurada en los locales de Ponce By-Pass y en el Edificio Michelle Plaza de la Carretera 14 de Ponce según se desprende del endoso número 7 de dicha póliza.

7. Para el 30 de marzo de 1997, fecha en que ocurrieron los hechos que surgen y dan base para la reclamación en el caso de epígrafe, la codemandada Integrand Assurance Company no había expedido póliza de seguro de responsabilidad pública, asegurando a la Corporación El Mesón y Algo Más, a Javier Muñoz Busquéis, a Jaime Sureda Plaza y/o a JASUP, Inc. de cualquier reclamación que surgiera en cualquiera de los locales existentes para esa fecha en Ponce By-Pass de Ponce o en el Edificio Michelle Plaza en la Carretera 14 de Ponce. ”

*1140 Véase, Exhibit 1 del Apéndice a las págs. 3 y 4.
La póliza de seguros en controversia, a saber, la número 04-CCP-7008012-6/000 establece lo siguiente, en lo pertinente:

“1. El asegurado es: El Mesón y Algo Más, Inc.

2. Su dirección es: 300 Roosevelt Ave., Hato Rey, Puerto Rico.

3. El asegurado nombrado: es una Corporación

4. El asegurado se dedica: a negocio de restaurante.

5. La cubierta o póliza adquirida es:

6. Comercial Property

7. Comercial General Liability

8. Fecha de vigencia original era del 2/21/96 al 2/21/99. ”

Al folio 42 de la póliza se describe la cubierta de Commercial General Liability, de donde se desprende que el asegurado es El Mesón y Algo Más con la fecha de vigencia arriba indicada. Dicha póliza habría de responder por el local número uno (1), localizado en 300 Roosevelt Ave., Hato Rey. A su vez, en el folio 60 surge el endoso número siete (7) a la póliza original y en la cual se solicitó por el pago de una prima adicional haciéndola extensiva a dos (2) locales adicionales, uno de ellos el localizado en Ponce By-Pass.
Dicha enmienda, la cual es clara al señalar que su vigencia sería prospectiva, fue incorporada con posterioridad a la fecha de los incidentes que dieron génesis a la causa de acción de autos. Previo a esa fecha, el único local asegurado era el 300 Ave. Roosevelt.
Como bien señala el tribunal a quo, para el 30 de marzo de 1997, Integrand no había expedido póliza alguna cubriendo ni asegurando el local ubicado en Ponce el cual, reiteramos, fue incluido en la póliza con posterioridad a la fecha del accidente que dio origen a la controversia de autos.
El Tribunal Supremo de Puerto Rico ha expresado que:

“Respecto a las opiniones que hemos emitido en el pasado sobre el deber de la compañía aseguradora de ofrecer representación legal al asegurado, nuestras determinaciones se han hecho caso a caso, examinando las alegaciones o reclamaciones del asegurado y comparándolas con las cláusulas del contrato de seguro del caso en particular, PFZ Properties, Inc. v. General Accident Insurance Company, P.R. Ltd., supra. ”

Si las alegaciones claramente excluyen de la cubierta de la póliza los daños reclamados, no podrá imponerse a la aseguradora el deber de defender, pues en tal caso no existe cubierta alguna de seguro. Vega v. Pepsi Cola Bot. Co., supra; Fernández v. Royal Indemnity Co., supra.
Los hechos expuestos en la demanda y en el escrito de apelación claramente excluian de la cubierta de la póliza la representación legal que era solicitada a Integrand, dado que a la fecha de los hechos aún no estaba en la vigencia la misma en el local de Ponce. Bajo las circunstancias presentes, tenemos que resolver a favor de la aseguradora Integrand.
*1141 En el caso de autos, la solicitud de sentencia sumaria presentada por Integrand se fundamentó específicamente en el contrato de seguros suscrito entre dicha compañía aseguradora, y El Mesón y Algo Más Corp. Como consecuencia, y conforme los términos de la póliza la cual no cubría el local localizado en Ponce para la fecha de los hechos del presente caso, Integrand queda exonerada de su deber de representar a la Corporación.
Por otro lado, la Sentencia Parcial apelada desestimó la causa de epígrafe contra El Mesón y Algo Más y Javier Muñoz Busquets. El Tribunal de Primera Instancia determinó, con respecto a este punto, los siguientes hechos:
[[Image here]]
2. La Corporación El Mesón y Algo Más, es dueña y opera un sólo negocio de restaurant y barra localizado en la Avenida Roosevelt #300 en Hato Rey, Puerto Rico. La Corporación El Mesón y Algo Más, no es dueña y nunca fue dueña del negocio que está en el Ponce By Pass y que utiliza el nombre “El Mesón y Algo Más".

3. Los negocios con el nombre de “El Mesón y Algo Más" ubicados en la Carretera #14 en Ponce y el localizado en el Ponce By Pass pertenecían y eran operados por JASUP, Inc., una corporación doméstica cuyo único accionista es el codemandado Jaime Sureda Plaza.

[[Image here]]
Sin embargo, un análisis de los autos revela que existe controversia relacionada a la Corporación El Mesón y Algo Más. Surge de lo alegado por Javier Muñoz Busquets que para el 1997 El Mesón y Algo Más, Corp. era dueña del negocio que opera en el Ponce By Pass bajo el nombre de “El Mesón y Algo Más”.
Posteriormente, presenta una declaración jurada en apoyo a una “Moción para Enmendar las Alegaciones” señalando que es dueño de El Mesón y Algo Más Corp., localizado en la Ave. Roosevelt, Hato Rey, y que el local localizado en Ponce es de una corporación llamada JASUP, cuyo único accionista es el co-demandado Jaime Sureda Plaza. Arguye que, contrario a lo alegado, El Mesón y Algo Más Corp. no es dueña ni nunca fue dueña del negocio de Ponce. Sobre lo anterior no acompañó ningún documento acreditativo.
Por otro lado, desde el 2000 se refleja que existe confusión sobre la Corporación. Obra en el expediente una carta del representante legal de Integrand dirigida al anterior representante legal de la Corporación donde el primero le solicita información sobre la misma. Transcribimos de dicha misiva:

“En primer lugar, quiero saber el nombre correcto del local donde ocurrieron estos hechos. Quiero saber si el nombre correcto es el Mesón y Algo Más, Inc. o si hay algún otro nombre independientemente que sea meramente El Mesón. Quiero hacer esta aclaración, puesto que he visto que en las contestaciones dadas por los demandados en el presente caso intercambian los nombres, se hacen alegaciones que sugiere que son negocios diferentes. Este abogado conoce de la existencia de tres negocios conocidos como El Mesón y Algo Más y aceptamos que podemos estar equivocados, razón por la cual queremos que se nos aclare si estamos en lo correcto al decir que esos tres negocios corresponden a dicha corporación...

Quiero saber si existe el fenómeno de haber El Mesón y Algo Más Inc. y d/b/a/ de El Mesón y Algo Más. De darse este fenómeno quisiera saber desde cuando está o si por el contrario a partir de la fecha en que fue incorporado El Mesón y Algo Más el d/b/a/ de El Mesón y Algo Más dejó de existir. ”

Véase, págs. 55 y 56 del Apéndice. 
*1142 Observamos que, a pesar de haber transcurrido más de tres (3) años desde la presentación de la demanda, la confusión de nombres y relación jurídica entre los negocios y los codemandados continuaba. Por otro lado, la póliza de seguros en controversia incluye ambos locales, uno de los cuales, a saber, el de Ponce fue incluido con posterioridad estando la cuenta a nombre de El Mesón y Algo Más Corp., 300 Roosevelt Ave., Hato Rey. Asimismo, obra en autos una solicitud de Cancellation Request de la póliza que estaba efectiva desde el 21 de febrero de 1998 a 21 de febrero de 1999, suscrita por Javier Muñoz. (Véase, pág. 213 del Apéndice.)
Ante estas circunstancias, somos de opinión que incidió el Tribunal de Primera Instancia al desestimar el pleito de autos contra El Mesón y Algo Más y Javier Muñoz Busquets.
VI
Por las razones arriba esbozadas, se modifica la Sentencia Parcial apelada. Se devuelve el caso ante el Tribunal de Primera Instancia a fin de que continúen los procedimientos conforme esta Sentencia.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General
ESCOLIOS 2003 DTA 65
1. El recurso resulta inexacto. Tratándose de una solicitud para la revisión de una sentencia emitida por el Tribunal de Primera Instancia, el vehículo procesal apropiado lo es la apelación, conforme al Art. 2.002 del Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, según enmendado, conocido como “Ley de la Judicatura de Puerto Rico de 1994”, 4 L.P.R.A. sec. 22k.
2. La corporación demandada fue sometida voluntariamente a la jurisdicción del Tribunal de Primera Instancia por el entonces representante legal de los co-demandados Jaime Sureda Plaza y Javier Muñoz Busquets. Posteriormente, a saber, el 20 de noviembre de 1997, la apelante solicitó enmendar la demanda a fin de incluir a la Corporación como parte. Por su parte, el 24 de noviembre de 1998, la apelante solicita enmendar la demanda a fin de incluir a Integrand como parte.
3. Integrand fue emplazada el 11 de enero de 1999. El 3 de febrero de 1999, compareció mediante Moción Especial sin Someterse a la Jurisdicción.
4. El endoso número 7 reza: The following changes have been made to the above policy, all others Terms and Conditions of the policy remain unchanged. Effective 06-05-97 this policy is amended as shown.
5. Observamos que los representantes legales de Integrand tenían interrogantes sobre el negocio donde había ocurrido el accidente y si estaba cubierto o no.