Brau Ramírez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
La parte peticionaria General Accident Life Assurance Company of Puerto Rico ("General Accident") solicita la revisión de una resolución emitida el 19 de julio de 1996 por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante la misma se denegó una moción de sentencia sumaria presentada por la peticionaria en la que se solicitaba la desestimación de la demanda por daños y perjuicios presentada contra la peticionaria y otras partes por la parte recurrida Carmen C. Martínez Quiñones.
El 26 de septiembre de 1996, este Tribunal concedió término a la recurrida para que compareciera a mostrar causa por la cual no debía expedirse el auto, revocarse la resolución recurrida y, en su lugar, dictarse sentencia sumaria desestimando la demanda.
El término concedido ha expirado. Procedemos según lo intimado.
n
El presente recurso tiene como trasfondo la muerte accidental de Angel Cotto Martínez ocurrida en algún momento en el período entre el 28 de octubre y el 7 de noviembre de 1994, como consecuencia de asfixia por inmersión, mientras el occiso estaba bajo los efectos de alcohol y drogas. El 8 de noviembre de 1994, se le práctico la autopsia al fenecido, certificándose como causa de muerte la anterior. Como causa contributiva, el patólogo que realizó la autopsia también indicó el alcoholismo crónico.
El análisis de toxicología realizado al cuerpo reflejaba una concentración de alcohol de .14%. También resultó positivo para cocaína.
A la fecha de su muerte, el fallecido tenía vigente una póliza de muerte accidental o desmembramiento emitida por General Accident. La parte beneficiaría de dicha póliza lo era la recurrida, Carmen L. Martínez, madre del fallecido. Al momento de la muerte, la cubierta de la póliza era de $28,000.00.
La póliza en cuestión había sido emitida el 27 de abril de 1989. Por la naturaleza de la cubierta, la póliza había sido emitida sin requerir evidencia de asegurabilidad ni examen médico.
*848 La página 2 de la póliza contenía la siguiente cláusula:

"EXCLUSIONES - No se pagará beneficio alguno bajo esta póliza si la pérdida ocurriere como resultado de:

(a)...

(e) lesiones sufridas mientras se encuentre bajo los efectos de bebidas alcohólicas o embriagantes, o bajo los efectos de drogas narcóticas, depresoras, estimulantes o alucinógenas, excepto aquellas recetadas por un doctor en medicina debidamente autorizado."

Posteriormente, la recurrida notificó a General Accident de la defunción del asegurado y reclamó el pago de la póliza. General Accident se negó a pagar, invocando la exclusión arriba citada, en caso de muertes ocurridas bajo los efectos de bebidas embriagantes o drogas.
La recurrida presentó entonces la presente acción declaratoria ante el Tribunal de Primera Instancia, alegando que General Accident nunca había entrevistado al asegurado en torno a su consumo de alcohol y drogas ni había requerido examen alguno, prefiriendo lucrarse por varios años con las primas pagadas por el asegurado para luego negar cubierta. Solicitó se declarara la obligación de General Accident de honrar la póliza.
General Accident presentó una moción de sentencia sumaria alegando que no tenía obligación alguna de pagar, a la luz del lenguaje claro de la póliza. La recurrida se opuso a dicha solicitud, insistiendo en las alegaciones de su demanda.

El 19 de julio de 1996, el Tribunal de Primera Instancia, mediante un escrito erróneamente titulado "Sentencia Sumaria Parcial", denegó la solicitud de la parte peticionaria por entender que "hay controversias de hechos y de derecho que deben resolverse en una vista evidenciaría."

Una solicitud de reconsideración presentada por la parte peticionaria fue denegada por el Tribunal, el 23 de agosto de 1996.
Insatisfecha, General Accident acudió ante este foro.
III
En su recurso, la parte peticionaria alega que el Tribunal de Primera Instancia erró al denegar su moción de sentencia sumaria.
La sentencia sumaria tiene como propósito aligerar la tramitación de un caso al permitir que se dicte sentencia sin necesidad de que se tenga que celebrar la vista en los méritos, cuando surge de los documentos no controvertidos que se acompañan de la solicitud que no existe una legítima disputa de hecho a ser dirimida, por lo que sólo resta aplicar el derecho. Corp. Presiding Bishop v. Purcell, 117 D.P.R. 714, 720 (1986); Marín v. American International Insurance Co. of P.R., _ D.P.R. _ (1994), 94 J.T.S. 132, a la pág. 347.
La Regla 36.3 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill R. 36.3, dispone que se dictará sentencia sumaria "inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostrasen que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente". Dicha regla permite a un demandado presentar una moción basada o no en declaraciones juradas para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.
El propósito cardinal de esta regla es de promover una solución justa, rápida y económica de la litigación, abreviando la disposición de pleitos que, por no envolver una genuina controversia de hechos, el juicio en su fondo es innecesario. Usada con sabio discernimiento, la sentencia sumaria es un valioso mecanismo procesal *849 para descongestionar los calendarios judiciales. Padín v. Rossi, 100 D.P.R. 259, 263 (1971); Soto v. Caribe Hilton, _ D.P.R. _ (1994), 94 J.T.S. 128; José Cuevas Ségarra, Práctica Procesal Puertorriqueña, Vol II, Procedimiento Civil, Publicaciones J.T.S., 1979, a la pág. 182.
En la situación de autos, no existe controversia real sustancial en tomo a la causa de la muerte del occiso, la cual aconteció mientras éste estaba bajo los efectos del alcohol y drogas. Tampoco existe controversia en torno a que dicha situación aparece expresamente excluida de la póliza a través de la cláusula citada.
Las clausulas de exclusión se reconocen ampliamente-en nuestro ordenamiento. Aunque éstas se interpretan restrictivamente, Pagán Caraballo v. Silva, 122 D.P.R. 105, 110-111 (1988), ello no implica que pueda favorecerse a un asegurado cuando una pérdida aparece excluida de forma clara y sin ambigüedad. Marín v. American International Insurance Co. of P.R., 94 J.T.S. 132, a la pág. 348; Meléndez Piñero v. Levitt & Sons of P.R., Inc., _ D.P.R. (1991), 91 J.T.S. 95, a la pág. 9,055.
"Si una exclusión aplica, no existe cubierta, a pesar de las inferencias o cualificaciones que puedan estar presentes en las demás [cláusulas de la póliza]". Meléndez Piñero v. Levitt & Sons of P.R., Inc., _ D.P.R. _ (1991), 91 J.T.S. 95, a la pág. 9,055.
La cláusula específica de exclusión envuelta en este caso está expresamente autorizada por el art. 16.280 del Código de Seguros, 26 L.P.R.A. see. 1628. 
Otras jurisdicciones también admiten disposiciones parecidas. Véase, George J. Couch, Couch on Insurance 2d (Rev ed), Encyclopedia of Insurance Law, Vol. 10, CBC Clark Boar'dman,'Philadelphia, Vol. 10, págs. 444 y ss.
La interpretación de un contrato de seguro debe hacerse "globalmente, a base del conjunto de sus términos y condiciones, según se expresa en la póliza...", 26 L.P.R.A. see. 1125; PFZ Properties, Inc. v. General Accident Insurance Company, _ D.P.R. _ (1994), 94 J.T.S. 116, a la pág. 121.
El lenguaje en éstos debe ser interpretado de ordinario en su significado corriente y común, sin ceñirse demasiado al rigor gramatical, sino al uso general y popular de las voces. Marín v. American International Insurance Co. ofP.R., 94 J.T.S. 132, a la pág. 347; Morales Garay v. Roldán Coss, 110 D.P.R. 701 (1981).
El significado de la clausula de exclusión en el caso de autos, es perfectamente claro según surge de su texto. Esta excluia de pago las lesiones sufridas mientras el asegurado se encontrara bajo los efectos de bebidas alcohólicas o drogas narcóticas, exceptuando las recetadas por un doctor en medicina autorizado.
Toda vez que no existe controversia real sustancial en torno al hecho que el asegurado falleció mientras estaba bajo los efectos de alcohol y drogas, circunstancias expresamente excluidas bajo la cláusula, procedía la desestimación de la demanda. Ninguna de las alegaciones de la demanda, en este sentido, presentaba una contención que resultase suficiente eri derecho para eximir a la parte beneficiaría de los efectos del lenguaje libremente pactado por el asegurado.
Por los fundamentos expresados, se expide el auto de certiorari y se revoca la resolución recurrida. En su lugar se dicta sentencia Sumaria desestimando la demanda.
Lo pronunció y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 16
1. Dicho precepto dispone: La póliza podrá tener una cláusula como sigue:

"Bebidas embriagantes y narcóticos: El asegurador no será responsable por ninguna pérdida sufrida o contraída como 
*850
consecuencia del asegurado hallarse ebrio o bajo la influencia de un narcótico, a menos que fuere por prescripción médica."