# 2004 DTA 93

### TRIBUNAL DE CIRCUITO DE APELACIONES
### REGION JUDICIAL DE PONCE

JESSICA BATIZ GONZALEZ, HECTOR LUIS BORRERO VERA,
POR SI Y EN REPRESENTACION DE SU HIJA MENOR DE EDAD
KIMBERLY MARIE BORRERO BATIZ Y MARTA GONZALEZ GONZALEZ
Demandantes-Recurridos

v.

MUNICIPIO DE PONCE, ORLANDO COSME SANTIAGO, SU ESPOSA MARILYN MALDONADO
RIVERA Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS, CE

INSURANCE COMPANY, SEGUROS ABC, INC., COMPAÑIA DE SEGUROS XYZ, INC.,
JANE DOE Y RICHARD DOE
Demandados

ACE INSURANCE COMPANY
Codemandada-Peticionaria

Núm. KLCE-03-01570

San Juan, Puerto Rico, a 21 de abril de 2004

Panel integrado por su Presidente, el Juez Brau Ramírez,
y los Jueces Hernández Torres y Martínez Torres

Hernández Torres, Jueza Ponente

## TEXTO COMPLETO DE LA RESOLUCION

ACE Insurance Company (en adelante la peticionaria) recurre ante nos, solicitándonos que revisemos y

dejemos sin efecto una determinación del Tribunal de Primera Instancia, Sala Superior de Ponce (Hon. Eduardo Estrella Morales, Juez), que declaró No Ha Lugar una "*Moción de Sentencia Sumaria*", presentada por ésta.

Los hechos relevantes al asunto ante nos son los siguientes.

# I

Los demandantes aquí recurridos radicaron demanda sobre daños y perjuicios contra el municipio de Ponce y otros, entre éstos, la aquí peticionaria. La demanda plantea, en esencia, que la menor Kimberly Marie Borrero Batiz, hija de los recurridos, cursaba estudios en el Centro Preescolar Head Start Chavier I, ubicado en Ponce. El codemandado Orlando Cosme Santiago fue maestro de la menor entre agosto de 2000 y mayo de 2001, alegándose, además, que éste era empleado del Municipio de Ponce.

Se alega en la demanda original que la señora Jessica Batiz González, madre de la menor, advino en conocimiento de que el señor Cosme había alegadamente cometido actos lascivos o impúdicos contra varias menores, incluyendo su hija. De igual manera, se alegó en la demanda que desde septiembre de 2002 hasta marzo de 2001, el codemandado Orlando Cosme Santiago, amparado en sus funciones magisteriales, cometió actos lascivos e impúdicos en repetidas ocasiones contra la menor Borrero Ortiz.

Según surge de la demanda, el señor Cosme Santiago fue denunciado, acusado y procesado criminalmente por esos hechos y éste se declaró culpable por el delito grave de actos lascivos e impúdicos. La demanda expresa que como consecuencia de dichos actos, la menor y sus padres y demás demandantes sufrieron daños y perjuicios físicos y mentales.

En el pleito se incluye como demandado al Municipio de Ponce, alegándose que los daños sufridos se debieron a los actos culposos del señor Cosme y a la negligencia del Municipio, al no ser diligentes eligiendo a sus empleados, ya que el señor Cosme Santiago había incurrido con anterioridad en la misma conducta. Al ésto ser así, se alega que se incumplió con el reglamento del centro preescolar que prohíbe que un ayudante de maestro se quede solo con los niños, por lo que el Municipio no descargó la responsabilidad de supervisar adecuadamente a sus empleados.

Posteriormente, se enmendó la demanda y se incluyó a ACE Insurance Company, aquí peticionaria, alegándose que era la compañía aseguradora que para la fecha de los hechos tenía expedida una póliza de seguros a favor del Municipio de Ponce, que cubre todos los actos culposos y negligentes que el Municipio llevó a cabo a través de sus agentes y empleados para la fecha en que ocurrieron los hechos.

La aquí peticionaria, en su contestación a la demanda, expresó como defensa afirmativa que no existe responsabilidad de la compañía aseguradora, conforme a las cláusulas, términos y condiciones de la póliza de seguros, que los hechos alegados en la demanda están expresamente excluidos de cubierta por parte de la aquí peticionaria, a favor del Municipio de Ponce.

El 24 de marzo de 2003, la peticionaria presentó "*Moción de Sentencia Sumaria*", por no existir cubierta de póliza, solicitándole al Tribunal de Primera Instancia que desestimara la demanda en cuanto a ellos, alegando que en la póliza en cuestión se excluye expresamente de su cubierta los actos por los que se demanda.

El Tribunal *a quo* citó para vista el 29 de abril de 2003, y para esa fecha ninguna de las partes había presentado escrito en oposición a la "*Moción de Sentencia Sumaria*". Por lo tanto, el Tribunal ordenó a las partes a presentar un memorando de derecho, sustentando su posición con relación a la sentencia sumaria solicitada. A pesar de la orden del Tribunal, sólo la parte peticionaria radicó memorando de derecho y se reiteró en su "*Moción de Sentencia Sumaria*". Las demás partes nada presentaron.

El 5 de mayo de 2003, el Municipio de Ponce presentó "*Moción de Desestimación*", alegando básicamente que a tenor con la Ley de Municipios Autónomos, la demanda por esos hechos no procedía contra el Municipio. A dicha "*Moción de Desestimación*", la peticionaria radicó moción allanándose a lo solicitado por el Municipio de Ponce.

Los demandantes aquí recurridos presentaron moción en oposición a la desestimación, fundamentando la misma en que la responsabilidad que se le imputa al Municipio de Ponce es una basada en sus propios actos por falta de supervisión adecuada y negligencia en el procedimiento de selección de sus empleados, en este caso del señor Cosme Santiago.

Luego de otros incidentes procesales, el Tribunal de Primera Instancia declaró No Ha Lugar la "*Moción de Sentencia Sumaria*", presentada por la aquí peticionaria. No obstante, en el "*Acta*" donde se hace constar la determinación del Tribunal de Primera Instancia, el Juez Eduardo Estrella Morales señaló que en relación a la moción de sentencia sumaria, radicada por la compañía de seguros, ACE Insurance Company, existe controversia real sustancial en cuanto al contenido del contrato de seguro. En específico señaló que la copia del contrato de seguro que se sometió al tribunal no contiene la cláusula de exclusión en la que se fundamenta la moción de sentencia sumaria y que no es hasta que dicho foro tenga la póliza completa que podrá disponer del asunto.

Inconforme con dicha determinación, la aquí peticionaria comparece ante nos y señala que el Tribunal de Primera Instancia erró al denegarse a desestimar sumariamente la demanda presentada en este caso en lo concerniente a ACE Insurance Company, a pesar de que tenía ante sí los elementos necesarios para determinar que los hechos alegados en la demanda están expresamente excluidos de cubierta por parte de ACE Insurance Company, conforme al contrato de póliza suscrito entre dicha compañía aseguradora y los Municipios de Puerto Rico.

Esbozados los hechos pertinentes a la controversia ante nos, procederemos a discutir la norma jurídica aplicable.

## II

### A. Sentencia Sumaria

La sentencia sumaria es un mecanismo procesal que procede cuando la parte promovente le demuestra al tribunal que no existe necesidad de que se celebre una vista evidenciaria del caso en su fondo. *Mgmt. Ad. Serv. Corp. v. E.L.A.;* Opinión de 29 de noviembre de 2000, **2000 J.T.S. 189**; *Medina v. M.S. & D. Química P.R., Inc.,* 135 D.P.R. 716, 726 (1994). Solamente debe ser dictada una sentencia sumaria "*en casos claros, cuando el Tribunal tenga ante sí la verdad sobre todos los hechos pertinentes*". *Rosario Ortiz v. Nationwide Mutual Insurance, Co.,* Opinión de 4 de marzo de 2003, **2003 J.T.S. 34**, a la pág. 641; *Benítez Esquilín v. Johnson & Johnson,* Op. de 30 de septiembre de 2002, **2002 J.T.S. 137**; *PFZ Properties, Inc. v. General Accident Insurance Co.,* 136 D.P.R. 881, 911-912 (1994); *Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell,* 117 D.P.R. 714, 720-721 (1986).

Reiteradamente, el Tribunal Supremo ha resuelto que la sentencia sumaria sólo debe concederse cuando no hay una genuina controversia sobre hechos materiales y el tribunal se convence que tiene ante sí la verdad de todos los hechos pertinentes. *Mgmt. Ad. Serv. Corp. v. E.L.A., supra; Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 D.P.R. 563 (1997); *Corp. Presiding Bishop CJC of LDS v. Purcell, supra.* Esto es, cuando de los documentos no controvertidos que se acompañan con la moción surge que no existe una legítima disputa de hecho que dirimir y tan sólo resta aplicar el derecho. *Id.*

El propósito de la moción de sentencia sumaria es "*propiciar la resolución justa, rápida y económica de*

*litigios que no presentan controversias genuinas de hechos materiales y, por lo tanto, no ameritan la celebración de un juicio en su fondo".* Santiago Rivera v. Ríos Alonso, supra; Pilot Life Ins. Co. v. Crespo Martínez, 136 D.P.R. 624, 632 (1994). Además, se ha señalado que el fin de la sentencia sumaria es aligerar la tramitación de un caso, permitiendo que se dicte sentencia sin celebrar una vista en los méritos, cuando de documentos no controvertidos surge que no existen controversias de hechos, sino que lo que resta es aplicar el derecho. *PFZ Properties, Inc. v. General Accident Insurance Co., supra*; *Caquías v. Asoc. Res. Mansiones Río Piedras*, 134 D.P.R. 181 (1993); *Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, supra*, a la pág. 720

La Regla 36.3 de la Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, establece que se podrá dictar sentencia sumaria *"si las alegaciones,... [deposiciones], contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostrasen que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria ... Dicha sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito".* PFZ Properties, Inc. v. General Accident Insurance Co., supra; Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, supra.

Mediante dicho mecanismo procesal se pretende obtener un remedio rápido y eficaz en casos en que queda demostrado que no existe una controversia sobre hechos materiales del litigio. Véase: *Revlon Realistic, Inc. v. Las Américas Trust Company*, 135 D.P.R. 363 (1994); *Rivera et. al. v. Superior Pkg., Inc. et. al.*, 132 D.P.R. 115 (1992); *Tello, Rivera v. Eastern Airlines*, 119 D.P.R. 83 (1987). Pero el objetivo de aligerar la tramitación de un caso no puede derrotar el principio fundamental de todo proceso ante un tribunal: alcanzar una solución justa. *Santiago Rivera v. Ríos Alonso, supra; PFZ Properties, Inc. v. General Accident Insurance Co., supra; Cuadrado Lugo v. Santiago Rodríguez*, 126 D.P.R. 272 (1990).

En cuanto a la evaluación de la prueba pertinente, cualquier duda sobre la existencia de una controversia sobre los hechos materiales debe resolverse contra la parte promovente. *Rosario Ortiz v. Nationwide Mutual Insurance Co., supra*. Así pues, *"el sabio discernimiento es el principio rector para su uso porque, mal utilizada [la sentencia sumaria], puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley".* Id.; Roig Comm. Bank v. Rosario Cirino, 126 D.P.R. 613, 617 (1990). De hecho, se ha expresado que la privación a un litigante de su *"día en corte"* es una medida procedente sólo en casos extremos, a usarse solamente en casos claros. *Rosario Ortiz v. Nationwide Mutual Insurance Co., supra; Metropolitana de Préstamos v. López de Victoria*, 141 D.P.R. 844 (1996).

Al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquéllos que obran en el expediente del Tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *PFZ Properties, Inc. v. General Accident Insurance Co., supra.*

Un tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede, *Rivera Báez v. Jaime Andujar*, Opinión de 28 de junio de 2002, **2002 J.T.S. 107**; *PFZ Properties, Inc. v. General Accident Insurance Co., supra*, a las págs. 913-914; *Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, supra*, págs. 722-723; *Cuadrado Lugo v. Santiago Rodríguez*, 126 D.P.R. 272, 280 (1990).

Recientemente, el Tribunal Supremo ha señalado en *Jaime Benítez Esquilín v. Johnson & Johnson*, Opinión de 30 de septiembre de 2002, **2002 J.T.S.** 37, que la sentencia sumaria es un remedio extraordinario que sólo debe concederse cuando el promovente ha establecido su derecho con claridad y ha demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de las alegaciones y los documentos que obren en el expediente. *Corp. of Presiding Bishop v. Purcell*, 117 D.P.R. 714 (1987). Procede

dictar sentencia sumaria solamente cuando no existe una disputa legítima de hecho a ser dirimida, y sólo resta aplicar el derecho. *Pardo v. Sucn. Stella*, 145 D.P.R. 816 (1998).

## B. El contrato de seguro

El seguro es un contrato mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo. Artículo 1.020 del Código de Seguro, 26 L.P.R.A. sec. 102; *Díaz Ayala v. E.L.A.,* Opinión de 30 de marzo de 2001, **2001 J.T.S. 49**, a la pág. 1066; *Fatach v. Seguros Triple S, Inc.,* Opinión de 25 de marzo de 1999, **99 J.T.S. 46**, a la pág. 806.

Nuestro ordenamiento jurídico considera los contratos de seguros como unos de adhesión, porque los mismos son preparados por la aseguradora, sin la participación del asegurado. *Quiñones López v. Manzano Pozas*, 141 D.P.R. 139, 155 (1996). El contrato de seguro es el contrato de adhesión por excelencia, ya que éste es redactado íntegramente por el asegurador en todo su contenido; esto es, el convenio de seguro, las exclusiones, y las condiciones, sin que el asegurado haya tenido la oportunidad de negociar el contenido con el asegurador. Rolando Cruz, *Derecho de Seguros*, San Juan, **Publicaciones JTS**, 1999, pág. 12.

Nos dice al respecto el tratadista Puig Brutau que: el seguro *"[es] un contrato de adhesión, no en el sentido de que una de las partes tenga plena libertad para imponer sus condiciones a la otra, pero sí en el de que el asegurado no puede alterar con el juego normal de la previa negociación las condiciones que en esta clase de contratos median con carácter general"*. Puig Brutau, José, *Fundamentos de Derecho Civil*, Barcelona, Bosch, 1956, Tomo II, Vol. II, pág. 486.

Por lo general, los contratos de seguros de responsabilidad civil tienen como fin el garantizar al asegurado de la responsabilidad civil que pueda incurrir frente a terceros por actos de los cuales sea legalmente responsable. *Quiñones López v. Manzano Pozas, supra,* a la pág. 153; *Meléndez Piñero v. Levitt & Sons of P.R.,* 129 D.P.R. 521, 537 (1991). En este tipo de póliza, el asegurado se obliga, dentro de los límites establecidos en el contrato, a cubrir la obligación de indemnizar a un tercero por los daños y perjuicios causados por el asegurado. *Id.*

Un contrato de seguros, al igual que todo otro contrato, constituye la ley entre las partes siempre que concurran las tres (3) condiciones esenciales para su validez. *Quiñones López v. Manzano Pozas, supra,* a la pág. 154; Artículo 1230 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3451. Estos requisitos son: el consentimiento de los contratantes, objeto cierto que sea materia del contrato, y causa de la obligación que se establezca. *Id.*

## C. La Interpretación de las cláusulas del contrato de seguro

Nuestro Código de Seguros dispone que: *"[t]odo contrato de seguro deberá interpretarse globalmente, a base del conjunto total de sus términos y condiciones, según se expresen en la póliza y según se hayan ampliado, extendido, o modificado por aditamento, endoso o solicitud adherido a la póliza y que forme parte de ésta"*. Artículo 11.025 del Código de Seguro, 26 L.P.R.A. sec. 1125; *Díaz Ayala v. E.L.A., supra; Quiñones López v. Manzano Pozas, supra; PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 D.P.R. 881, 902 (1994).

En caso de dudas en la interpretación de una póliza, ésta debe resolverse de modo que se realice el propósito de la misma, que es proveer protección al asegurado. *Quiñones López v. Manzano Pozas, supra,* a la pág. 155. Es por eso que no se favorecerán las interpretaciones sutiles que le permitan a las compañías aseguradoras evadir su responsabilidad. *Id.*

Es a los tribunales los que les corresponde buscar el sentido y significado que a las palabras de la póliza en controversia le daría una persona normal de inteligencia promedio que fuese a comprar la misma. *Quiñones López v. Manzano Pozas, supra; PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 D.P.R. 881, 902 (1994); *Barreras v. Santana,* 87 D.P.R. 227, 235 (1963).

De tener la póliza cláusulas ambigüas u oscuras, las mismas se deben interpretar a favor del asegurado. *Pagán Caraballo v. Silva, Ortiz,* 122 D.P.R. 105, 111 (1988). Esto surge de lo dispuesto en el Artículo 1240 del Código Civil, 31 L.P.R.A. sec. 3478, el que establece que: la interpretación de las cláusulas obscuras de un contrato no deberá favorecer a la parte que hubiese ocasionado la oscuridad. Por esto, los contratos de seguro se interpretan liberalmente a favor del asegurado y de la forma menos favorable al asegurador. Véase: *PFZ Prop., Inc. v. Gen. Acc. Ins. Co., supra; Rosario v. Insurance Co. Of P.R.,* 103 D.P.R. 91, 93 (1974); *Rosario v. Atl. Southern Ins. Co. of P.R.,* 95 D.P.R. 759, 765 (1968).

Al respecto, el Tribunal Supremo, en el caso de *Quiñones López v. Manzano Pozas, supra,* se expresó de la siguiente manera:

*"[...] cuando los términos, condiciones y exclusiones de un contrato de seguros -que es ley entre las partes-, son claros, específicos y no dan margen a ambigüedades o diferentes interpretaciones, debe hacerse valer los mismos de conformidad con la voluntad de las partes. En ausencia de ambigüedad, las cláusulas del contrato son obligatorias para las partes."*

También en relación con la interpretación de los contratos de seguros se ha dispuesto que el lenguaje utilizado en éstos debe ser interpretado de ordinario en su significado corriente y común, sin ceñirse demasiado al rigor gramatical, sino al uso general y popular de las voces. *Guerrido García v. U.C.B.,* 143 D.P.R. 337, 348 (1997); *Marín v. American Int'l Ins. Co. of P.R.,* 137 D.P.R. 356, 361 (1994); *Pagán Caraballo v. Silva, Ortiz, supra,* a la pág. 110; *Morales Garay v. Roldán Coss,* 110 D.P.R. 701, 706 (1981).

Por otro lado, las cláusulas de exclusión en una póliza limitan las cubiertas que a grandes rasgos describe la cláusula de convenio de seguro o acuerdos principales. Rolando Cruz, *supra,* a la pág. 167. En otras palabras, mientras la cláusula de convenio se seguro define las cubiertas en términos generales, la cláusula de exclusión, por otro lado, limita estas cubiertas excluyendo a, por ejemplo alguna persona, pérdida, peligros, propiedades, clases de responsabilidades, lugares, o ciertos días o períodos de tiempo. *Id.* La cláusula de exclusión ha de interpretarse restrictivamente, de forma tal que se cumpla el propósito de la póliza de proveer protección al asegurado. *Guerrido García v. U.C.B., supra; Quiñones López v. Manzano Pozas, supra,* a la pág. 156 (1996).

Si una cláusula de exclusión aplica claramente a determinada situación, la póliza, en general, no cubre los daños en cuestión, a pesar de las inferencias que parezcan surgir de las demás cláusulas. *Meléndez Piñero v. Levitt & Son of P.R., supra,* a la pág. 548 (1991). Hay que recordar que cada exclusión se lee en función del *"acuerdo general de cubierta"* e independientemente de las restantes. *Id,* a las págs. 547-548. Si una exclusión no aplica, no existe cubierta, a pesar de las inferencias o clasificaciones que puedan estar presentes en las demás. *Id.*

Esbozados la norma jurídica y luego de evaluados todos los documentos ante nos, estamos en posición de resolver. Veamos.

### III

El Tribunal de Primera Instancia, en su determinación, expresó claramente no haber tenido ante sí la totalidad de la póliza expedida por la peticionaria. Aun cuando la peticionaria, en su *"Moción de Sentencia Sumaria", "transcribió"* las partes de la póliza que a su entender probaban que los actos alegados en la demanda estaban excluidos de ésta, lo cierto es que el Tribunal de Primera Instancia no tuvo ante sí la póliza expedida.

El Tribunal Supremo de Puerto Rico ha expresado que el tribunal apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. *Myriam Vera Morales, Benny García García y Yaritza García Vera v. Dn. Alfredo Bravo Colón*, **2004 J.T.S. 40**.

Al revisar la determinación de primera instancia, el Tribunal de Apelaciones está limitando de dos maneras: primero, sólo puede considerar los documentos que se presentaron ante el foro de primera instancia. Las partes no pueden añadir en apelación exhibits, deposiciones o affidávits que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez en el foro apelativo. Segundo, el tribunal apelativo sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales y esenciales en disputa. Esa tarea le corresponde al foro de primera instancia. *Myriam Vera Morales y otros v. Dr. Alfredo Bravo Colón, supra*.

La parte peticionaria alega en sus escritos que en la póliza del Municipio de Ponce existen unas exclusiones de responsabilidad; es decir, riesgos no cubiertos entre los que se encuentran las acciones alegadas en la demanda. No obstante, el "*Acta*" y el contenido de ésta, emitida por el Tribunal de Primera Instancia, tenemos que presumirla correcta. Entonces, es forzoso concluir que ante el Tribunal de Primera Instancia no se presentó la póliza en cuestión, tal y como se adjuntó en el Apéndice del caso ante nos.

Entendemos que no se puso en condición al Tribunal de Primera Instancia para que éste pudiera determinar que no había controversia en cuanto a ningún hecho material y que como cuestión de derecho procedía la sentencia sumaria. No podemos olvidar que cualquier duda sobre la existencia de una controversia sobre los hechos materiales, debe resolverse contra la parte promovente y eso fue precisamente lo que determinó el Tribunal de Primera Instancia.

## IV

Por los fundamentos anteriormente expresados, denegamos la expedición del auto de *certiorari*.

Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General